# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40862
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDO REYES-HERNANDEZ, also known as Juan Antonio Reyes-Hernandez, also known as Nayo Reyes-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-1429-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Bernardo Reyes-Hernandez pled guilty to illegal reentry after removal. The district court sentenced him to 44 months in prison and three years of supervised release. On appeal, Reyes-Hernandez seeks reformation of the judgment to reflect conviction and sentencing under 8 U.S.C § 1326(b)(1) rather than Section 1326(b)(2). We reform the judgment and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40862

Reyes-Hernandez's first argument is that Section 1326(b)(2) is inapplicable because the supposedly predicate conviction, a 2006 Texas state conviction for indecency by contact with a child under 17, did not actually precede the 2003 removal date specified in the factual basis for his guilty plea. We need not reach this issue, though, because we conclude that his second argument clearly mandates the reformation of the judgment.

The second argument is that his 2006 Texas state conviction for indecency by contact with a child under 17 is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because the incorporated "crime of violence" definition found in 18 U.S.C. § 16(b) is unconstitutionally vague. The Supreme Court has recently held that such arguments are correct. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). Reyes-Hernandez has thus shown a clear or obvious error in the district court's application of Section 1326(b)(2). *See Johnson v. United States*, 520 U.S. 461, 468 (1997).

Despite the validity of the vagueness challenge, Reyes-Hernandez has admitted that the error had no effect on his substantial rights. That is because his within-Guidelines sentence was below the 10-year statutory maximum in Section 1326(b)(1) for removals following non-aggravated felony convictions and the record does not indicate that the error influenced the district court's determination of the sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). Resentencing is therefore not warranted, but reformation of the judgment to reflect that Reyes-Hernandez was convicted and sentenced under Section 1326(b)(1) is proper. *See id*.

We REFORM the district court's judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1), and AFFIRM as modified.